UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEENA M. JONES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEBT ADVISORS OF AMERICA, LLC, and GREENBERG LAW, LLC,<br><br>　　　　Defendants. | CIVIL ACTION<br><br>COMPLAINT 1:23-cv-02087<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

**NOW COMES** SHEENA M. JONES ("Plaintiff") by and through the undersigned counsel, complaining as to the conduct of DEBT ADVISORS OF AMERICA, LLC ("DAA") and GREENBERG LAW, LLC (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq*., the Illinois Credit Services Organization Act ("ICSOA") under 815 ILCS 605/1 *et seq*., and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resided in the Northern District of Illinois and Defendants conducted business in the Northern District of

1

Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Chicago, Illinois.

5. DAA is a credit repair organization that claims to "[help] individuals across the U.S. by gathering personal information to determine a consolidation plan…customized evaluations aim to help reduce what you owe."[1] Defendant is organized under the laws of the state of California with its principal place of business located at 7565 Mission Valley Rd, Suite 120, San Diego, California 92108.

6. Greenberg Law is a debt relief agency that claims: "to help you resolve your debt and get you back on track financially." Defendant's principal place of business is located at 514 Oldham St., Baltimore, Maryland 21224.

7. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

8. Defendant DAA is vicariously liable for the acts of Greenberg Law. Similarly, Greenberg Law is vicariously liable for the acts of DAA.

## FACTS SUPPORTING CAUSES OF ACTION

9. In November 2021, Plaintiff had a number of debts which were impacting her credit worthiness, prompting her to begin looking for companies who may be able to assist in resolving her obligations.

---

[1] https://www.debtadvisorsofamerica.com/ (last visited: March 21, 2023).

10. Later that month, Plaintiff discovered DAA due to its representations that it could settle all of her debts up to $20,000 for about $200 per month upon signing with them for 2 to 3 years of service.

11. Plaintiff spoke with a representative of DAA regarding the nature of its debt management and credit repair services and what Plaintiff wanted to be addressed on her credit reports.

12. Subsequently thereafter, Plaintiff was referred to Greenberg Law who discussed its settlement program and what will be needed to resolve many of Plaintiff's outstanding debts.

13. On April 13, 2022, Plaintiff entered into a five year contract with Greenberg Law for its provisions of credit repair and debt management services.

14. Specifically, Plaintiff's contract consisted of making monthly payments of $300 for five years to Greenberg Law.

15. Greenberg Law affirmatively represented to Plaintiff that it would be able to remove Plaintiff's requested items from her credit reports by using her amassed monthly payments to settle with her creditors.

16. Plaintiff subsequently began making on-time payments to Greenberg Law in the amount of $300 per month in order for Greenberg Law to negotiate with her creditors.

17. For months, Greenberg Law would purportedly send disputes and settlement negotiations to Plaintiff's creditors on her behalf.

18. Despite telling Plaintiff it would negotiate with creditors to reduce her outstanding debts, Greenberg Law failed to engage in such negotiations as Plaintiff's creditors continued to try and collect on the same amount of debt they would have prior to Plaintiff's contract with Greenberg Law.

19. Upon information and belief, Greenberg Law failed to negotiate settlement offers with Plaintiff's creditors despite promises and assurances from Greenberg Law.

20. As a result, Plaintiff continues to receive collection calls from Citi Bank and Discover Bank for failing to make payments toward her outstanding debt, despite making monthly payments to Greenberg Law with the hope of settling debts with her creditors.

21. Moreover, Plaintiff continues to see her credit score steadily decrease months and years after contracting with Defendants.

22. Frustrated, distressed, and concerned over Defendants' conduct, Plaintiff spoke with the undersigned counsel regarding her rights.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

24. Plaintiffs repeat and reallege paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

26. Defendants are "credit repair organization(s)" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history,

4

or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    **a.    Violations of CROA § 1679b(a)**

27.    The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

28.    Defendants violated the CROA through the its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. Plaintiff wanted certain items removed from her credit report, which Defendants affirmatively represented would be negotiate settlements with her creditors on her behalf. However, such items could either not be removed, or would otherwise need to be inaccurate in order to be removed, illustrating the falsity of Defendant's representations. Defendants falsely and deceptively represented to Plaintiff that the items would be settled in order to compel her to utilize its services, despite knowing it could not provide the results as represented. Upon information and belief, it is Defendants' routine practice to make such false representations orally to consumers, in contravention of contractual language buried in the contracts of adhesion Defendants thrusts upon desperate and deceived consumers.

29.    Defendants violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. Throughout their dealings, Defendants repeatedly and consistently assured Plaintiff that

5

its tactics were working and Plaintiff had nothing to worry about; however, Defendants failed to follow through on the promises it persistently made to Plaintiff during their conversations.

30. Defendants further violated the above referenced provisions of the CROA through its deceptive representations that its services would result in Plaintiff's credit score increasing. Defendants' services provided no benefit to Plaintiff.

    **b.    Violation of CROA § 1679b(b)**

31. The CROA, pursuant to 15 U.S.C. § 1679b(b), states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

32. Defendants violated § 1679b(b) as it charged and received money from Plaintiff in exchange for the performance of its services without performing such services or before such services were fully performed. Defendants failed to perform any of the represented services, yet nevertheless retained Plaintiff's payments absent any full performance.

    **c.    Violation of CROA §§ 1679d(4) & 1679e**

33. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679e further outlines the extent of a consumer's cancellation rights under CROA while requiring such disclosure to be given to consumers in writing.

34. Defendants violated 15 U.S.C. §§ 1679d(4) & 1679e through its complete failure to provide the above disclosure in immediate proximity to the space reserved for Plaintiff's signature on the contract, as well as its failure to provide the notice of cancellation to Plaintiff.

**WHEREFORE**, Plaintiff SHEENA M. JONES, respectfully requests that the Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

    c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

    e. Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CREDIT SERVICES ORGANIZATION ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "Buyer" as defined by 815 ILCS 605/3(a).

37. Defendants are "Credit Services Organization" as defined by 815 ILCS 605/3(d).

    **a. Violation of ICSOA – 815 ILCS 605/5(1)**

38. The ICSOA, pursuant to 815 ILCS 605/5(1), prohibits a credit services organization from charging or receiving "any money or other valuable consideration prior to full and complete performance of the services the credit services organization has agreed to perform for or on behalf of the buyer . . . ."

39. Defendants violated 815 ICLS 605/5(1) in much the same way it violated 15 U.S.C. § 1692b(b) outlined above.

**b.     Violation of ICSOA – 815 ILCS 605/5(4)**

40. The ICSOA, pursuant to 815 ILCS 605/5(4), prohibits a credit services organization from "[m]ak[ing[ or us[ing] any untrue or misleading representations in the offer or sale of the services of a credit services organization or engage, directly and indirectly, in any act, practice, or course of business intended to defraud or deceive a buyer in connection with the offer or sale of such services; including but not limited to: . . . the qualifications, training or experience of its personnel; or the amount of credit improvement the consumer can expect to receive as a result of the services."

41. Defendants violated 815 ILCS 605/5(4) through the same conduct that violates 15 U.S.C. § 1679b(a)(3)-(4) outlined above.

42. As alleged above, Plaintiff was harmed by Defendants' conduct.

**WHEREFORE**, Plaintiff SHEENA M. JONES, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to 815 ILCS 605/11;

c. Awarding Plaintiff punitive damages pursuant to 815 ILCS 605/11;

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to 815 ILCS 605/11; and,

e. Awarding any other relief the Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

43. Plaintiff restates and reallages paragraphs 1 through 42 as through fully set forth herein.

44. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

45. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

46. Defendants are engaged in commerce in the state of Illinois. Defendants specialize in credit repair services, which is an activity within the stream of commerce and utilized in its regular course of business.

47. Defendants violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its failure to properly provide Plaintiff with the necessary assistance in improving her credit and negotiating with her creditors to settle on her outstanding debts.

    a. **Unfairness and Deception**

48. Defendants' conduct was unfair and deceptive because Plaintiff entrusted Defendants with her finances while failing to properly engage with her creditors to try and reduce her outstanding debts and to improve her creditworthiness as originally contracted.

49. Defendants unfair conduct is against public policy because it created the false impression that Defendants were handling her financial and credit records properly while the consumer believes Defendants have their best interest.

50. Upon information and belief, Defendants systematically mislead consumers in Illinois to join their program without sufficiently addressing any of their needs or concerns.

51. Additionally, Defendants' unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

52. Upon information and belief, a violation of the Illinois Credit Services Organizations Act is also a violation of the Illinois Consumer Fraud and Deceptive Practices Act.

53. As alleged above, Plaintiff was substantially harmed by Defendants' misconduct.

54. An award of punitive damages is appropriate because Defendants' conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendants' illegal conduct.

**WHEREFORE**, Plaintiff SHEENA M. JONES, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial;

c. Award Plaintiff her punitive damages in an amount to be determined at trial;

d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e. Award any other relief this Honorable Court deems equitable and just.

Dated: April 3, 2023 Respectfully submitted,

<u>*s/ Marwan R. Daher*</u>
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave.,
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
mdaher@sulaimanlaw.com